UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETTY J. HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:04-cv-1931-DFH-TAB |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON JUDICIAL REVIEW

Plaintiff Betty J. Harrison seeks judicial review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits under the Social Security Act. Acting for the Commissioner, an Administrative Law Judge ("ALJ") determined that Ms. Harrison was not disabled within the meaning of the Social Security Act because she could perform her past relevant work as a teacher's aide.

At the hearing before the ALJ, Ms. Harrison did not have a lawyer. The parties agree that the ALJ failed to obtain a valid waiver of counsel. Accordingly, the burden rests with the Commissioner to show that the ALJ fully and fairly developed the record. As explained below, the Commissioner has not met this

burden, so the court must remand this case for further development of the record under sentence four of 42 U.S.C. § 405(g).

At the time of the ALJ's August 2003 decision, Ms. Harrison was 49 years old. She had a high school education. Although she had varied work experience, her principal work had been as a teacher's assistant and a daycare worker. She filed for Social Security disability benefits on November 5, 2001, citing diabetes and hepatitis C as causing vision and joint problems that prevented her from maintaining gainful employment. R. 65-74. Ms. Harrison's medical records show that she also suffered from obesity and left knee arthritis, and that she has a history of left leg deep vein thrombosis. R. 122.

After her initial request and request for reconsideration were denied, Ms. Harrison petitioned for a hearing before an ALJ. That hearing was held August 14, 2003. R. 193. At the hearing Ms. Harrison testified that she had lost weight and was continuing to take insulin injections to control her diabetes. R. 199-200. She also testified that she continued to suffer from bouts of pain and fatigue. R. 203-04. Gail Ditmore, a vocational expert who testified at the hearing, stated that Ms. Harrison could still hold a teacher's aide position (among other positions) at the level of exertion it is performed in the national economy. R. 207.

The ALJ issued a ruling denying benefits, and the Appeals Council declined to review the ALJ's decision. Ms. Harrison petitioned this court for review of the denial, and the court has jurisdiction under 42 U.S.C. § 405(g).

*Discussion*

Ms. Harrison raises two challenges to the ALJ's ruling. First, she claims the ALJ failed to develop the record fully and fairly. Second, she claims the ALJ failed to explain adequately his reasons for disbelieving her complaints concerning pain and fatigue, as required by Social Security Ruling 96-7p and 96-8p. Because the court finds that the record was not developed fully and fairly, the court does not reach the second issue.

A claimant has a statutory right to counsel at a Social Security disability hearing. 42 U.S.C. § 406; 20 C.F.R. § 404.1700. That right can be waived if the ALJ explains to the claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingent fee arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994); *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir. 1991).

The ALJ in this case asked Ms. Harrison if she understood that she had a right to be represented by counsel, but he did not explain any of the three additional points needed to ensure a valid waiver. R. 195-96. The parties agree

that there was no valid waiver in this case.  On judicial review of such a case, the burden is on the Commissioner to show that the ALJ "adequately developed the record."  *Binion*, 13 F.3d at 245.  If the Commissioner meets that burden, "the plaintiff has the opportunity to rebut this showing by demonstrating prejudice or an evidentiary gap."  *Id.* at 245-46.

Social Security disability hearings are not adversarial proceedings.  The ALJ always has a basic duty to develop a full and fair record. That duty is elevated when the claimant is not represented by counsel.  *Thompson*, 933 F.2d at 585-86. The ALJ has a heightened duty to probe and explore all the relevant facts "scrupulously and conscientiously."  *Id.*, quoting *Smith v. Secretary of Health, Education, and Welfare*, 587 F.2d 857, 860 (7th Cir. 1978).  "Failure to fulfill this special duty is good cause to remand for gathering of additional evidence." *Thompson*, 933 F.2d at 586.

Seventh Circuit decisions provide guidance on what constitutes the development of a full and fair record for *pro se* claimants.  In *Binion*, the Seventh Circuit held that the Commissioner proved the record was fully and fairly developed.  No remand was necessary because the ALJ had obtained all of the claimant's medical records, elicited detailed testimony from the claimant, probed into all facets of the claim throughout the "comprehensive" hour-and-twenty-minute hearing, and left the record open for an additional medical report not

present in the record. 13 F.3d at 245. In addition, the claimant's friend testified at the hearing. *Id.*

On the other hand, in *Thompson* the Seventh Circuit remanded the case because the ALJ had failed to question the claimant thoroughly and declined to order additional examinations that would have better developed the record. 933 F.2d at 587-88. The claimant also did not produce any expert witnesses on his behalf who could testify regarding his limitations. *Id.* at 588; accord, *Hodes v. Apfel*, 61 F. Supp. 2d 798, 811-12 (N.D. Ill. 1999) (remanding where ALJ obtained medical records but failed to explore two crucial ambiguities).

As in *Thompson*, in this case the Commissioner has not established that the ALJ fully and fairly developed the record. First, more than a year's worth of medical evidence was absent from the record. The hearing was held in August 2003. The most recent medical report in the record was dated April 2002. Second, Ms. Harrison's testimony clearly indicated that additional medical information should have been readily accessible at the time of the hearing. Ms. Harrison stated that she last visited her regular physician two weeks before the hearing. R. 197.

Furthermore, later in the hearing Ms. Harrison stated that she last saw her orthopedist for her knee three months earlier. R. 200. In response, the ALJ asked whether those medical files were part of the record. *Id.* Before Ms. Harrison could

respond to this follow-up question, the ALJ interjected a friendly comment about how excited her doctor probably was about her losing weight. The result was that the concern over those files was neither answered nor probed any further. *Id.*

Beyond this incident, the short transcript (Ms. Harrison's testimony covered eight and a half pages) shows several instances where the ALJ interrupted or simply glossed over portions of Ms. Harrison's testimony. For example, when asking Ms. Harrison about medications she was currently taking, the ALJ interrupted Ms. Harrison mid-sentence several times. R. 202-03. While some of the interruptions were helpful, such as when the ALJ told Ms. Harrison the name of a drug she could not recall, the record strongly suggests that the interruptions tended to cause Ms. Harrison to lose her train of thought, losing potential avenues for further exploration.

Also, at times Ms. Harrison seemed confused and unable to remember clearly dates and other facts. For example, when recounting recent past work experience at a juvenile center, Ms. Harrison was at first unable to remember her position. R. 199. Ms. Harrison also initially thought that the onset of her diabetes occurred in January 2003, when the record clearly indicated it began in March 2002. R. 200. When asked when she last saw an orthopedist for her knee, Ms. Harrison stated: "This is January – no, this is August, three months ago. June." R. 200.

Judging from the record as a whole, Ms. Harrison clearly had some difficulty conveying her story. "Superficial questioning of inarticulate claimants or claimants with limited education is likely to elicit responses which fail to portray accurately the extent of their limitations." *Thompson*, 933 F.2d at 586, quoting *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1052 (6th Cir. 1983). The ALJ's questioning here failed to satisfy the heightened duty to develop the record fully and fairly when a claimant has validly waived her right to counsel.

The Commissioner points out that Ms. Harrison has not produced any new medical evidence to support her claim. Def. Br. at 5-6. The argument misconstrues the burden in a case such as this. The Commissioner must first show that the record was developed fully and fairly. Only then must Ms. Harrison bring forth additional evidence to rebut the Commissioner's foundation. The testimony in this case clearly indicated that additional medical evidence was available. Whether that evidence would prove helpful to Ms. Harrison's case is unknown. She is entitled to an opportunity to present her claim fully.

*Conclusion*

For the reasons set forth above, the court remands this case to the Commissioner for a new hearing to allow further evaluation of Ms. Harrison's medical evidence and additional proceedings consistent with this decision. This is a sentence four remand under 42 U.S.C. § 405(g). Final judgment will be entered accordingly.

So ordered.

Date: February 27, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov